Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
RENE GUTIERREZ, LUIS SEVILLA, CESAR MEZA,
EFRAIN GARCIA, and KLEBER CONFORME, individually,
and on behalf of all others similarly situated,

        Plaintiffs,

-against-

SKY GLOBAL CONCRETE CORP, and GREGORIO
BARRERA, as an individual,

        Defendants.
-----------------------------------------------------------------X

**COLLECTIVE/CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **RENE GUTIERREZ, LUIS SEVILLA, CESAR MEZA, EFRAIN GARCIA, and KLEBER CONFORME, individually, and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, through undersigned counsel, bring this action against **SKY GLOBAL CONCRETE CORP, and GREGORIO BARRERA, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at SKY GLOBAL CONCRETE CORP, located at 47 Garrity Avenue, Ronkonkoma, New York 11779.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### PLAINTIFFS

8. Plaintiff, RENE GUTIERREZ, was employed by Defendants at SKY GLOBAL CONCRETE CORP from in or around May 2017 to in or around June 2020.

9. Plaintiff, LUIS SEVILLA, was employed by Defendants at SKY GLOBAL CONCRETE CORP from in or around October 2017 to in or around June 2020.

10. Plaintiff, CESAR MEZA, was employed by Defendants at SKY GLOBAL CONCRETE CORP from in or around October 2017 to in or around June 2020.

11. Plaintiff, EFRAIN GARCIA, was employed by Defendants at SKY GLOBAL CONCRETE CORP from in or around August 2016 to in or around March 2018.

12. Plaintiff, KLEBER CONFORME, was employed by Defendants at SKY GLOBAL CONCRETE CORP from in or around August 2016 to in or around February 2018.

### DEFENDANTS

13. Upon information and belief, Defendant, SKY GLOBAL CONCRETE CORP, is a New York domestic business corporation, organized under, and existing by virtue of the laws of the State of New York with a principal executive office at 47 Garrity Avenue, Ronkonkoma, New York 11779.

14. Upon information and belief, Defendant, SKY GLOBAL CONCRETE CORP, is a corporation authorized to do business under the laws of New York.

15. Upon information and belief, Defendant, GREGORIO BARRERA, owns and operates SKY GLOBAL CONCRETE CORP.
16. Upon information and belief, Defendant, GREGORIO BARRERA, is an agent of SKY GLOBAL CONCRETE CORP.
17. Upon information and belief, Defendant, GREGORIO BARRERA, has power over personnel decisions at SKY GLOBAL CONCRETE CORP.
18. Upon information and belief, Defendant, GREGORIO BARRERA, has power over payroll decisions at SKY GLOBAL CONCRETE CORP.
19. Defendant, GREGORIO BARRERA, has the power to hire and fire employees at SKY GLOBAL CONCRETE CORP, establish and pay their wages, set their work schedule, and maintains their employment records.
20. Defendant GREGORIO BARRERA was responsible for determining the job locations for Plaintiffs, supervising Plaintiffs, and instructing Plaintiffs on the work to be performed.
21. During all relevant times herein, Defendant, GREGORIO BARRERA, was Plaintiffs' employer within the meaning of the FLSA and NYLL.
22. On information and belief, SKY GLOBAL CONCRETE CORP, is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

### RENE GUTIERREZ

23. Plaintiff, RENE GUTIERREZ, was employed by Defendants at SKY GLOBAL CONCRETE CORP from in or around May 2017 to in or around June 2020.
24. During Plaintiff, RENE GUTIERREZ' employment by Defendants at SKY GLOBAL CONCRETE CORP, Plaintiff's primary duties were as a construction laborer, rebar

and concrete worker, while performing other miscellaneous duties from in or around May 2017 to in or around June 2020.

25. Plaintiff, RENE GUTIERREZ, was paid by Defendants:
    i.   in 2017, approximately $130.00 per day;
    ii.  in 2018, approximately $160.00 per day;
    iii. in 2019, approximately $190.00 per day; and
    iv.  in 2020, approximately $200.00 per day.

26. Plaintiff, RENE GUTIERREZ, worked approximately sixty and a half (60.5) hours per week at SKY GLOBAL CONCRETE CORP from in or around May 2017 to in or around June 2020.

27. Plaintiff RENE GUTIERREZ was regularly required to work five (5) days per week, and approximately ten and a half (10.5) hours per day. However, for approximately two (2) of those five (5) shifts per week, Plaintiff RENE GUTIERREZ was required to work approximately fourteen (14) hours per day.

28. Although Plaintiff, RENE GUTIERREZ, worked approximately sixty and a half (60.5) or more hours per week during his employment by Defendants from in or around May 2017 to in or around June 2020, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

29. Furthermore, although Plaintiff RENE GUTIERREZ worked a daily shift consisting of more than ten (10) straight hours, five (5) days per week, from in or around May 2017 to in or around June 2020, Defendants failed to pay Plaintiff an additional hour of pay at Plaintiff's applicable wage rate for each day Plaintiff worked in excess of ten (10) hours, a blatant violation of the New York Minimum Wage Act and its implementing regulations.

## LUIS SEVILLA

30. Plaintiff, LUIS SEVILLA, was employed by Defendants at SKY GLOBAL CONCRETE CORP from in or around October 2017 to in or around June 2020.

31. During Plaintiff, LUIS SEVILLA's employment by Defendants at SKY GLOBAL CONCRETE CORP, Plaintiff's primary duties were as a laborer, safety worker,

carpenter, and cleaner while performing other miscellaneous duties for Defendants from in or around October 2017 to in or around June 2020.

32. Plaintiff, LUIS SEVILLA, was paid by Defendants:
    i.   in 2017, approximately $180.00 per day;
    ii.  in 2018, approximately $180.00 per day;
    iii. in 2019, approximately $200.00 per day; and
    iv.  in 2020, approximately $200.00 per day;

33. Plaintiff, LUIS SEVILLA, worked approximately sixty and a half (60.5) hours per week at SKY GLOBAL CONCRETE CORP from in or around October 2017 to in or around June 2020.

34. Plaintiff LUIS SEVILLA was regularly required to work five (5) days per week, and approximately ten and a half (10.5) hours per day. However, for approximately two (2) of those five (5) shifts per week, Plaintiff LUIS SEVILLA was required to work approximately fourteen (14) hours per day.

35. Although Plaintiff, LUIS SEVILLA, worked approximately sixty and a half (60.5) hours or more hours per week during his employment by Defendants from in or around October 2017 to in or around June 2020, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

36. Furthermore, although Plaintiff LUIS SEVILLA worked a daily shift consisting of more than ten (10) straight hours, five (5) days per week, from in or around October 2017 to in or around June 2020, Defendants failed to pay Plaintiff an additional hour of pay at Plaintiff's applicable wage rate for each day Plaintiff worked in excess of ten (10) hours, a blatant violation of the New York Minimum Wage Act and its implementing regulations.

## CESAR MEZA

37. Plaintiff, CESAR MEZA, was employed by Defendants at SKY GLOBAL CONCRETE CORP from in or around October 2017 to in or around June 2020.

38. During Plaintiff, CESAR MEZA's employment by Defendants at SKY GLOBAL CONCRETE CORP, Plaintiff's primary duties were as a carpenter, while performing other miscellaneous duties from in or around October 2017 to in or around June 2020.

5

39. Plaintiff, CESAR MEZA, was paid by Defendants approximately $30.00 per hour from in or around October 2017 to in or around June 2020.
40. Plaintiff, CESAR MEZA, worked approximately fifty-two and a half (52.5) hours per week at SKY GLOBAL CONCRETE CORP from in or around October 2017 to in or around June 2020.
41. Although Plaintiff, CESAR MEZA, worked approximately fifty-two and a half (52.5) hours or more hours per week during his employment by Defendants from in or around October 2017 to in or around June 2020, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
42. Furthermore, although Plaintiff CESAR MEZA worked a daily shift consisting of more than ten (10) straight hours, five (5) days per week, from in or around October 2017 to in or around June 2020, Defendants failed to pay Plaintiff an additional hour of pay at Plaintiff's applicable wage rate for each day Plaintiff worked in excess of ten (10) hours, a blatant violation of the New York Minimum Wage Act and its implementing regulations.

## EFRAIN GARCIA

43. Plaintiff, EFRAIN GARCIA, was employed by Defendants at SKY GLOBAL CONCRETE CORP from in or around August 2016 to in or around March 2018.
44. During Plaintiff, EFRAIN GARCIA's employment by Defendants at SKY GLOBAL CONCRETE CORP, Plaintiff's primary duties were as a laborer, coordinator and cleaner, while performing other miscellaneous duties for Defendants from in or around August 2016 to in or around March 2018.
45. Plaintiff, EFRAIN GARCIA, was paid by Defendants:
    i.   in 2016, approximately $120.00 per day;
    ii.  in 2017, approximately $150.00 per day; and
    iii. in 2018, approximately $180.00 per day.
46. Plaintiff, EFRAIN GARCIA, worked approximately seventy-one (71) hours or more per week at SKY GLOBAL CONCRETE CORP from in or around August 2016 to in or around March 2018.

47. Plaintiff EFRAIN GARCIA was regularly required to work six (6) days per week, and approximately ten and a half (10.5) hours per day. However, for approximately two (2) of those six (6) shifts per week, Plaintiff EFRAIN GARCIA was required to work approximately fourteen (14) hours per day.

48. Although Plaintiff, EFRAIN GARCIA, worked approximately seventy-one (71) hours or more per week during his employment by Defendants from in or around August 2016 to in or around March 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

49. Furthermore, although Plaintiff EFRAIN GARCIA worked a daily shift consisting of more than ten (10) straight hours, six (6) days per week from in or around August 2016 to in or around March 2018, Defendants failed to pay Plaintiff an additional hour of pay at Plaintiff's applicable wage rate for each day Plaintiff worked in excess of ten (10) hours, a blatant violation of the New York Minimum Wage Act and its implementing regulations.

## **KLEBER CONFORME**

50. Plaintiff, KLEBER CONFORME, was employed by Defendants at SKY GLOBAL CONCRETE CORP from in or around August 2016 to in or around February 2018.

51. During Plaintiff, KLEBER CONFORME's employment by Defendants at SKY GLOBAL CONCRETE CORP, Plaintiff's primary duties were as a carpenter, concrete pourer, laborer and cleaner, while performing other miscellaneous duties from in or around August 2016 to in or around February 2018.

52. Plaintiff, KLEBER CONFORME, was paid by Defendants approximately $130.00 per day from in or around August 2016 to in or around February 2018.

53. Plaintiff, KLEBER CONFORME, worked approximately sixty-three (63) hours per week at SKY GLOBAL CONCRETE CORP from in or around August 2016 to in or around February 2018.

54. Although Plaintiff, KLEBER CONFORME, worked approximately sixty-three (63) hours or more hours per week during his employment by Defendants from in or around August 2016 to in or around February 2018, Defendants did not pay Plaintiff

time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

55. Furthermore, although Plaintiff KLEBER CONFORME worked a daily shift consisting of more than ten (10) straight hours, six (6) days per week, from in or around August 2016 to in or around February 2018, Defendants failed to pay Plaintiff an additional hour of pay at Plaintiff's applicable wage rate for each day Plaintiff worked in excess of ten (10) hours, a blatant violation of the New York Minimum Wage Act and its implementing regulations.

## DEFENDANTS' OTHER VIOLATIONS UNDER THE NYLL AS TO ALL PLAINTIFFS

56. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

57. Upon information and belief, Defendants willfully failed to keep contemporaneous, accurate payroll records as required by both NYLL and the FLSA.

58. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## **COLLECTIVE ACTION ALLEGATIONS**

59. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

60. Collective Class: All persons who are or have been employed by the Defendants as laborer, rebar and concrete workers, carpenter, construction worker, cleaner or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

8

61. Upon information and belief, Defendants employed at least eighty (80) employees within the relevant time period who were subjected to similar payment structures.
62. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
63. Defendants' unlawful conduct has been widespread, repeated, and consistent.
64. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.
65. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.
66. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
67. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
68. The claims of Plaintiffs are typical of the claims of the putative class.
69. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
70. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

71. Plaintiffs sue on their own behalf and as the class representatives (hereinafter referred to as the "New York Class Representative") and bring the Second Cause of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

    All rebar workers, concrete workers and laborers, carpenters, construction workers, and cleaners who are currently or have been employed by the

Defendants at SKY GLOBAL CONCRETE CORP and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for hours over 40 each week at any time during the 6 years prior to the filing of their respective consent forms (hereinafter referred to as the "New York Class Period").

72. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than eighty (80) members of the New York Class during the New York Class Period.

73. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

   a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

   b. Whether Defendants unlawfully failed to pay spread of hour compensation in violation of and within the meaning of the NYLL;

   b. Whether the New York Class Representative and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

   c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representative and the New York Class;

   d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

   e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

   f. Whether Defendants should be enjoined from such violations in the future.

74. The New York Class Representative will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

75. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

76. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

77. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

78. Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

79. The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## **FIRST CAUSE OF ACTION**
### **Overtime Wages Under The Fair Labor Standards Act**

80. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

81. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

82. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

83. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

84. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

85. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

86. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

87. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

88. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

89. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

90. Due to Defendants' New York Labor Law violations, Plaintiffs were entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

91. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

92. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-3.4.

93. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants for their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663(1).

## FORTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

94. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

95. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

96. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

97. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

98. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3).

99. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs unpaid spread of hours wages;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 16th day of February 2021.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RENE GUTIERREZ, LUIS SEVILLA, CESAR MEZA, EFRAIN GARCIA, and KLEBER CONFORME, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

SKY GLOBAL CONCRETE CORP, and GREGORIO BARRERA, as an individual,

Defendants.

## COLLECTIVE/CLASS ACTION COMPLAINT

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**SKY GLOBAL CONCRETE CORP**
47 GARRITY AVENUE
RONKONKOMA, NEW YORK 11779

**GREGORIO BARRERA**
47 GARRITY AVENUE
RONKONKOMA, NEW YORK 11779

15