

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

May 4, 2022

**Via ECF**
The Honorable Judge Steven Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: **Gutierrez, et al. v. Sky Global Concrete Corp., et al.**
      **21-CV-845 (ST)**

Dear Judge Tiscione:

Our office represents Rene Gutierrez, Luis Sevilla, Cesar Meza, Efrain Garcia, Kleber Conforme, and Opt-in Plaintiffs Harold Molina Jimenez and Walter Molina (collectively, "the Plaintiffs") and we submit this motion jointly with counsel for Sky Global Concrete Corp. and Gregorio Barrera (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached following a Court-annexed mediation on March 21, 2022 before mediator James A. Brown, Esq.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

### I.   The Monetary Terms of the Settlement Agreement are Fair and Reasonable

#### a. The Settlement Amount

Plaintiffs and Defendants agreed to resolve all claims asserted in this action for the global amount of $300,000.00, including Plaintiffs' counsel's attorneys fees (which are addressed below).

b. **Plaintiffs' Position**

Plaintiffs brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiffs alleged that, as seven (7) former employees of Defendants, that they were not paid proper overtime rates of pay when they worked in excess of forty (40) hours per week.

Plaintiffs were employed as laborers, rebar workers, concrete workers, safety workers and other related titles for construction projects throughout New York for Defendants' construction business. Within the relevant statutory period commencing in February 2015, Plaintiffs alleged that they were employed for varying time periods ranging from one-and-a-half years to three years for Defendants. The majority of Plaintiffs were employed between two and three years. Furthermore, Plaintiffs alleged that they were regularly required to work 52 to 84 hours per week.

All Plaintiffs alleged that were paid regular daily rates of pay that did not properly compensate them for their overtime hours when required to work in excess of 40 hours per workweek. As such, each Plaintiff claimed they were not properly compensated for 12 to 44 hours of overtime for each working week within the relevant statutory period. Plaintiffs were paid daily rates of pay ranging from $130.00 to $180.00 per day.

Additionally, all Plaintiffs alleged that they entitled to liquidated damages and recovery under NYLL §195 for Defendants' failure to provide proper wage notices and wage statements.

Based on the above, Plaintiffs alleged approximately $600,000.00 in unpaid overtime wages if they were 100% successful on establishing all of their claims.

Although Plaintiffs were confident that they would prevail at trial, Plaintiffs' preference was for a guaranteed outcome via Court-approved settlement. In settling this matter at the Court-annexed mediation, Plaintiffs considered the following: 1) the factual disputes over the dates of each Plaintiff's employment, the hours worked by each Plaintiff and the amount of pay received by each Plaintiff, 2) a guaranteed substantial payment in the very near future as opposed to uncertainty of a trial at a much later date in time, and 3) the financial abilities of the Defendants and whether they could even recover a larger amount should they have prevailed at trial in the future. Based on our research as to the Defendants, the last factor supported early resolution and guaranteed payment as opposed to the time, risks and expenses associated with attempting to collect on a judgment at a much later time.

c. **The Settlement Amount is Fair and Reasonable**

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema*

*60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $300,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses maintained by Defendants in this matter. The settlement also accounts for the economic realities of the Defendants. Moreover, the settlement amount was only achieved after a mediation session before a qualified and experienced Court-appointed mediator with all parties present. The parties had genuine, bona fide disputes over the dates of Plaintiffs' employment, the hours worked by Plaintiffs, and the pay received by Plaintiffs, but negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount.

### II.     The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 6 of the Settlement Agreement is appropriately-tailored to claims under the FLSA, NYLL and associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants, and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III.     Distribution to Plaintiffs and Requested Attorneys' Fees and Expenses

#### a.   Distribution to Plaintiffs

The parties agreed to a global settlement of $300,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $199,203.00. Each Plaintiff will receive an amount based on his calculation of damages, which accounts for the alleged dates of his employment, the alleged hours that he worked, and the alleged amounts of pay that he received. These individual amounts are as follows:

      i.        Plaintiff Rene Gutierrez: $38,000.00
      ii.       Plaintiff Luis Sevilla: $38,000.00
      iii.      Plaintiff Cesar Meza: $20,203.00
      iv.      Plaintiff Efrain Garcia: $26,000.00
      v.       Plaintiff Kleber Conforme: $18,000.00
      vi.      Plaintiff Harold Molina Jimenez: $18,000.00
      vii.     Plaintiff Walter Molina: $41,000.00

### b. Requested Attorneys' Fees and Expenses

Plaintiffs' counsel respectfully requests $1,196.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00
- the costs of attempted service, actual service of the Summons and Complaint on all Defendants through Plaintiffs' process server and through the New York Secretary of State: $494.00
- the cost of the Court-annexed mediation: $300.00

Plaintiffs' counsel respectfully requests one-third of the settlement less the expenses ($298,804.00), or $99,601.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $100,797.00.

**Settlement Amount:** $300,000.00
**Attorneys' Expenses:** $1,196.00
**Net Settlement Amount:** $298,804.00 ($300,000.00 - $1,196.00)
**Requested Attorneys' Fees:** $99,601.00 ($298,804.00 / 3)
**Total payable to Attorneys:** $100,797.00 ($99,601.00 + $1,196.00)
**Total payable to Plaintiffs:** $199,203.00 ($300,000.00 - $100,797.00)

Plaintiffs' attorneys and their clients have retainer agreements that are reduced to writing and are signed by the clients. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation and the recovery secured through their efforts. Plaintiffs' counsel has zealously advocated for their clients throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs. Lastly, in support of this fee request, please find Plaintiffs' counsel's contemporaneous time records, qualifications and lodestar calculation attached hereto as **Exhibit 2**.

**IV.    Closing**

       In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel with the assistance of the Court-annexed mediation program. As such, we respectfully request that the Court approve the Settlement Agreement. We thank the Court for its consideration and remain available to provide any additional information.

                                                       Respectfully submitted,

                                                       *James O'Donnell*
                                                       James O'Donnell, Esq.